UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

CIVIL ACTION NO: _____

| | | |
|---|---|---|
| Robert C. Harrison, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| The Vanguard Group, Inc., | ) | **[JURY TRIAL REQUESTED]** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Robert C. Harrison, complaining of Defendant herein, would allege and show unto the Court as follows:

**JURISDICTION AND VENUE**

1.    Plaintiff Robert C. Harrison ("Harrison") is a citizen and resident of the State of South Carolina, County of Horry.

2.    Defendant The Vanguard Group, Inc. ("Vanguard") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business in the city of Valley Forge, County of Chester.

3.    The sum or value of the matter in controversy, exclusive of interest and costs, exceeds Seventy Five Thousand and NO/100 Dollars ($75,000.00) .

4.    This Court may exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332.

5.    Venue is proper in the United States District Court for the District of South Carolina, Florence Division, pursuant to 28 U.S.C. § 1391(a)(2) and (c).

## FACTUAL ALLEGATIONS

6.     On or about May 14, 2007, Harrison opened a new prime money market fund account with Vanguard in his individual name.  In order to open this account, Harrison completed a Vanguard "Account Registration Form" obtained from the internet website maintained by Vangaurd.  A true and accurate copy of the completed Account Registration Form is attached hereto and incorporated herein by reference as **Exhibit 1:1**.

7.     After completing the Account Registration Form, Harrison spoke with a representative of Vanguard by telephone to assure his compliance with all Vanguard requirements for opening his new account.

8.     Thereafter, Harrison forwarded the completed Account Registration Form to Vanguard, along with a personal check, number 1018, in the amount of Four Hundred Fifty Thousand and NO/100 Dollars ($450,000.00).  This check was drawn on his personal banking account with Wachovia Bank, N.A. and was intended to fund the newly-created account.  A true and accurate copy of the check is attached hereto and incorporated herein by reference as **Exhibit 1:2**.

9.     Harrison's check was negotiated by Vanguard, and Harrison received a "Confirmation of New Account Mutual Funds" from Vanguard dated May 22, 2007.  In the Confirmation, Harrison was provided the following account number: 0030-09986368155.  The "Fund Name" was listed in the Confirmation as "Prime Money Market Account."  A true and accurate copy of the Confirmation of New Account Mutual Funds is attached hereto and incorporated herein by reference as **Exhibit 1:3**.

10.     On the same day he received the Confirmation of New Account from Vanguard, Harrison learned that the Internal Revenue Service had issued a Seizure Warrant against a separate

Vanguard account in his name, account number 9924667326, also designated as a Prime Money Market Fund (hereinafter "the 7326 account").  The 7326 account was established years prior and contained funds on deposit that were wholly unrelated to those being deposited into Harrison's new account with Vanguard.

11.    Subsequently, Harrison was informed by Vanguard that the May 14, 2007 deposit of $450,000.00 was not used to fund a new account, but instead, it was erroneously deposited into the 7326 account, which was the subject of the IRS Seizure Warrant.

12.    Thereafter, on May 22, 2007, Harrison spoke by telephone with a Vanguard representative, Rosemarie A. Sciarretta, Legal Administrator of Shareholder Services. During that conversation, Sciarretta advised Harrison that Vanguard would reverse the erroneous deposit into the 7326 account and would put the funds into the correct account, number 0030-09986368155.

13.    In a letter to Harrison dated May 23, 2007, Sciarretta again confirmed that Vanguard agreed to cancel the erroneous deposit into the 7326 account and would "place the funds in to a newly established money market account pursuant to [Harrsion's] original request."  The letter further provided that because the Seizure Warrant required Vanguard to freeze the 7326 account, Vanguard "had no choice but to freeze the assets" in the 7326 account, including the $450,000.00, which was meant to fund Harrison's new account. Sciarretta specifically acknowledged, however, that Vangaurd deposited the funds "into [his] existing account in error."   A true and accurate copy of the Vanguard correspondence dated May 23, 2007 is attached hereto and incorporated herein by reference as **Exhibit 1:4**.

14. The following day, May 24, 2007, Vanguard issued another letter in which it refused to refund to Harrison the $450,000.00 deposit, despite the company's earlier assurances to the contrary and Vanguard's admitted error.   Nonetheless, Vanguard again reaffirmed that the company erroneously deposited Harrison's funds in the 7326 account in contravention of "the instructions [Vanguard] received from [Harrison] on May 14, 2007." A true and accurate copy of the Vanguard correspondence dated May 24, 2007 is attached hereto and incorporated herein by reference as **Exhibit 1:5**.

15. As a direct result of Vanguard's failure to comply with the terms of its new account agreement with Harrison, Vanguard subjected the $450,000.00 deposit to seizure by the IRS.  Those monies, which were intended to fund a new account with Vanguard, were not otherwise subject to seizure by the IRS.  However, because of Vanguard's error, Harrison was not able to retrieve the funds, as the 7326 account was incontestably subject  to the Seizure Warrant.

16. Harrison has repeatedly demanded a refund of the monies, but Vanguard has failed and refused to return Harrison's deposit and has made no indication of an intention to do so. Although Vanguard has acknowledged its error and Harrison's resulting damages, the company refuses to replace the funds or otherwise compensate Harrison.

### <u>FOR A FIRST CAUSE OF ACTION</u>
(BREACH OF CONTRACT)

17. Plaintiff incorporates all allegations of the foregoing paragraphs as if restated verbatim herein.

18. On May 14, 2007, Harrison and Vanguard entered into an agreement whereby Vanguard agreed to open a new Prime Money Market account to be funded by a $450,000.00 deposit from Harrison.

19.  Pursuant to the terms of the agreement, Vanguard was required to establish a new account and administer the account according the terms of agreement.  Vanguard was required to fund the account using the monies provided by Harrison.  In exchange, Harrison agreed to comply with the terms of the agreement and fund the account using his personal check in the amount of $450,000.00.

20.  In good faith, and in reliance upon Vanguard's promises of performance, Harrison has fulfilled his obligations under the agreement and issued a check to Vanguard in the amount of $450,000.00.

21.  Vanguard has deliberately and intentionally breached the agreement by refusing to perform as required by the terms of the agreement.

22.  Vanguard has no justification for deliberately and intentionally causing the breach of the agreement.

23.  As a direct and proximate result of the breach of contract by Vanguard, Harrison has been deprived of the use of $450,000.00, and Harrison was forced to forfeit these funds.  As such, Harrison has been denied the benefit of his bargain.  Harrison has suffered other consequential damages, including but not limited to, the interest and dividends that would have been derived from his new account.  Additionally, Harrison has been forced to make alternative financial arrangements in order to compensate for the funds that he would have otherwise been entitled to use.

24.  Based upon Vanguard's breach of contract, Harrison is informed and believes that he is entitled to recover damages from Vanguard for actual, incidental and consequential damages in an amount a jury deems fair, just and equitable.

## FOR A SECOND CAUSE OF ACTION
(BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

25.     Plaintiff incorporates all allegations of the foregoing paragraphs as if restated verbatim herein.

26.     Under South Carolina law, every contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement, which Vanguard has breached.

27.     As a result of Vanguard's actions, Harrison has been damaged in an amount to be determined at trial.

## FOR A THIRD CAUSE OF ACTION
(BREACH OF FIDUCIARY DUTY)

28.     Plaintiff incorporates all allegations of the foregoing paragraphs as if restated verbatim herein.

29.     As the manager of Harrison's mutual funds account, Vanguard is an agent of Harrison, and therefore, Vanguard owes Harrison fiduciary duties. These duties include but are not limited to: the duty to account for all funds and property belonging to Harrison, to refrain from acting adversely to Harrison's interest, and to avoid engaging in fraudulent conduct.

30.     A fiduciary relationship existed between Harrison and Vanguard such that Harrison reposed special confidence in Vanguard, so that the company, in equity and good conscience, was bound to act in good faith and with due regard to the interests of Harrison.

31.     Vanguard induced and accepted the confidence that Harrison placed in the company by accepting the $450,000.00 deposit and confirming the establishment of Harrison's new account.

32.     Vanguard knowingly and intentionally breached its fiduciary obligations to Harrison in numerous respects, including but not limited to the following:

a.      failing to establish an account as directed by Harrison;

b.      failing to properly manage, oversee, safeguard, and protect the monies deposited by Harrison;

c.      improperly transferring Harrison's funds into a separate account without his authorization or consent;

d.      refusing to take appropriate steps to rectify problems with the new account caused by Vanguard's own errors;

e.      failing to properly train and/or supervise its agents, employees or representatives as to the appropriate manner in which to open a new account;

f.      depriving Harrison of his ability to protect his investment.

33.     The conduct of Vanguard is willful and detrimental to Harrison.

34.     As a direct result of Vanguard's breaches, Harrison has been damaged in an amount to be determined at trial.  Harrison is informed and believes that he is entitled to compensatory and punitive damages, and costs.

## FOR A FOURTH CAUSE OF ACTION
### (NEGLIGENCE)

35.     Plaintiff incorporates all allegations of the foregoing paragraphs as if restated verbatim herein.

36.     Vanguard owed a duty to Harrison to properly establish, manage, and maintain Harrison's account and the funds deposited therein.  Vanguard was obligated use reasonable and ordinary care to properly establish and maintain Harrison's mutual fund account.

37. Vanguard was entrusted with the account and the funds deposited by Harrison, and it was negligent in the establishment and maintenance of the same.

38. Vanguard was entrusted with a significant amount of money by Harrison, and it failed to safeguard, protect and properly account for the same.

39. Vanguard failed to properly supervise its agents, employees, and representatives so as to ensure that the funds deposited by Harrison would be properly maintained and protected by Vanguard.

40. Vanguard interfered with Harrison's ability to protect his account and his investment in the same.

41. The actions of Vanguard were willful, wanton, reckless, careless, negligent, and unlawful and in breach of Vanguard's duties to Harrison.

42. As a result of the willful, wanton, reckless, careless, negligent and unlawful actions of the Vanguard, Harrison has suffered and is presently suffering actual damages in an amount to be proven at trial.

NOW THEREFORE, the plaintiff, Robert C. Harrison, prays for the following relief:

A. For a judgment against Defendant Vanguard for actual, incidental and consequential damages pursuant to the First Cause of Action;

B. For a judgment against Defendant Vanguard for actual, incidental and consequential damages pursuant to the Second Cause of Action;

C. For a judgment against Defendant Vanguard for compensatory and punitive damages pursuant to the Third Cause of Action;

D. For a judgment against Defendant Vanguard for actual damages pursuant to the Fourth Cause of Action;

E.    For an award of the costs of this action;

F.    For an award of prejudgment interest at the rate permitted under the laws of the

State of South Carolina;

G.    That the Court grant him a jury trial; and

H.    For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

TURNER PADGET GRAHAM & LANEY P.A.

Myrtle Beach, South Carolina          **BY:**    *s/ Audra M. Byrd*_____

**Edward R. Cole**

May 11, 2010                          Federal I.D. Number: 00204

ECole@TurnerPadget.com

**Audra M. Byrd**

Federal I.D. Number: 10163

AByrd@TurnerPadget.com

Post Office Box  2116

Myrtle Beach, South Carolina  29578

Direct Telephone:  (843) 213-5505

Direct Facsimile:   (843) 213-5605

**ATTORNEYS FOR PLAINTIFF ROBERT C.
HARRISON**