IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
CIVIL ACTION NO: 4:10-CV-01229-CWH

| | |
|---|---|
| **ROBERT C. HARRISON,**<br><br>     **Plaintiff,**<br><br>v.<br><br>**THE VANGUARD GROUP, INC.,**<br><br>     **Defendant.** | **VANGUARD'S REPLY TO THE RESPONSE OF PLAINTIFF IN OPPOSITION TO VANGUARD'S MOTION TO DISMISS** |

  The Memorandum in Opposition to Defendant's Motion to Dismiss (the "Response") filed by Robert C. Harrison ("Plaintiff") fails to answer the obvious question before the Court: if the funds in Plaintiff's account with The Vanguard Group, Inc. ("Vanguard") were not otherwise subject to forfeiture to the IRS, then why did Plaintiff agree to forfeit them?

  The simple answer to this question is that Plaintiff believed it was beneficial to confess to the district court for the Middle District of North Carolina that he unlawfully possessed the funds. He now believes it is to his benefit to profess to this Court that he lawfully possessed the funds. The only consistency in Plaintiff's position is his willingness to play fast and loose with the federal district courts to pursue his own gain.

## APPLICABLE LEGAL STANDARD

  As a preliminary matter, the Court unquestionably may consider Vanguard's Motion to Dismiss, together with all the materials attached thereto, without converting it into a motion for summary judgment. Plaintiff's Response cites no cases whatsoever to refute the proposition that "[w]hile consideration of matters outside the pleadings will normally serve to convert the motion to a Rule 56 motion for summary judgment, that is not the case where the matters considered are

matters of public record." *Simpson v. UPS Co.*, 2005 U.S. Dist. LEXIS 41707, *5 (D.S.C. Oct. 28, 2005) (attached to the Memorandum In Support of Defendant's Motion to Dismiss as <u>Exhibit A</u>) *adopted by* 2005 U.S. Dist. LEXIS 31130 (D.S.C. Nov. 21, 2005) *affirmed on the reasoning of the district court by* 173 Fed. App'x. 249 (4th Cir. 2006). Neither does Plaintiff contest the application of this principle by the U.S. Supreme Court in *Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986). ("Although this case comes to us on a motion to dismiss under Federal Rule of Civil Procedure 12(b), we are not precluded in our review of the complaint from taking notice of items in the public record.").

Thus, the Court should evaluate the instant motion under the "plausibility" standard announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), considering all papers filed in the Forfeiture Proceedings, and conclude that Plaintiff's claims should be dismissed.[1]

## ARGUMENT

I. THE ILLEGALITY OF PLAINTIFF'S CONDUCT HAS ALREADY BEEN ADMITTED, AND THE COURT NEED ONLY TAKE JUDICIAL NOTICE OF THIS ADMISSION.

In his Response, Plaintiff asserts that the question of whether the funds were unlawfully or illegally obtained is a question of fact not properly determined by the Court in considering a motion to dismiss. (Response, pg. 5). This assertion misses the point entirely. Vanguard is not asking the Court to determine whether the funds were actually unlawfully obtained; rather, Vanguard is simply asking the Court to take judicial notice of Plaintiff's irreconcilable positions. In the Middle District of North Carolina, Plaintiff decided to "stipulate and agree" that the Vanguard account and the funds therein, including the $450,000, were involved in, traceable to,

---

[1] For purposes of this Reply, the "Forfeiture Proceedings" and "Settlement Agreement" shall have the same meaning as set forth in the Memorandum in Support of Defendant's Motion to Dismiss.

and/or used in illegal activity.  Settlement Agreement, ¶ 2, *citing* 18 U.S.C. § 981(a)(1)(A) ("involved in"); 18 U.S.C. § 981(a)(1)(C) ("traceable to"); 18 U.S.C. § 1955(d)("used in"). Before this Court, Plaintiff "vehemently denies" that these funds "constituted the proceeds of illegal activity."  (Response, pg. 5).  Vanguard does not ask the Court to determine which of these positions is factually accurate; Vanguard merely asks the Court to recognize their incompatibility.

Similarly, in arguing that an award to Plaintiff would violate public policy, Vanguard does not ask the Court to do anything further than take notice of what Plaintiff stipulated and agreed to before another district court of this circuit: that the funds he willingly forfeited were involved in, traceable to, and/or used in an illegal enterprise.  Vanguard does not ask the Court to evaluate the factual illegality of Plaintiff's activity; indeed, the proper venue to engage in this evaluation would have been before the court in the Forfeiture Proceedings.  Rather, Vanguard merely asks this Court to recognize what Plaintiff already willingly confessed to the Middle District of North Carolina and disallow Plaintiff's recovery of funds that he openly admitted were improperly obtained or used.

II. JUDICIAL ESTOPPEL IS INTENDED TO PREVENT PRECISELY THIS TYPE OF GAMESMANSHIP.

As Plaintiff correctly notes, "judicial estoppel functions to maintain the integrity of the court system, not to protect the interests of litigants." (Response, pg. 6 *citing Lowery v. Stovall*, 92 F.3d 219, 223 n.3 (4th Cir. 1996)).  It is precisely this reason that the Court should reject each of the following three arguments that Plaintiff advances in response to Vanguard's claim of judicial estoppel: (1) that Plaintiff's position is not inconsistent with the position he took before the Middle District of North Carolina; (2) that the statement made in the Forfeiture Proceedings

was not "accepted" by the Middle District of North Carolina; and (3) that Plaintiff did not intend to mislead the Court by omitting any reference to the Forfeiture Proceedings. Not only is each of these statements incorrect, heeding them would undermine the integrity of the judicial process – both in the Middle District of North Carolina and before this Court.

First, the position taken by Plaintiff in the Forfeiture Proceedings is irreconcilable with Plaintiff's position before this Court. In the Forfeiture Proceedings, Plaintiff stipulated to his violation of a number of provisions of the United States Code, "all as alleged in the Verified Complaints of Forfeiture" filed in the Forfeiture Proceedings; he now "vehemently denies" and "categorically disputes" his guilt, despite his previous admissions. *Compare* Settlement Agreement, ¶ 2 *with* Response, pg. 5, 6. Just as importantly, Plaintiff "consent[ed] to forfeiture" and "withdr[ew] any and all claims, answers and petitions for remission or mitigation" to the funds in which he now claims an ownership interest. Settlement Agreement, ¶ 3. Plaintiff "further knowingly and voluntarily waive[d] all … legal and equitable claims and defenses to the forfeiture" and agreed "to fully assist [in] taking whatever steps are necessary to pass clear title" to the very property that he now seeks to recover. Settlement Agreement, ¶¶ 8, 9. These positions taken by Plaintiff in the Forfeiture Proceedings are "completely at odds" with both his recently professed innocence and his alleged ownership interest in the funds that he now seeks to recover. *Allen v. Zurich Ins. Co.*, 667 F.2d 1162, 1167 (4th Cir. 1982).

In a related argument, Plaintiff contends that the application of judicial estoppel requires that the prior inconsistent statement by a litigant be "sworn." (Response, pg. 7, 8). This is a misleading formulation of the doctrine of judicial estoppel, which Plaintiff derives from a single parenthetical citation to a secondary source in *Lowery v. Stovall*, the seminal case in which the Fourth Circuit set forth the determinative factors in applying judicial estoppel. 92 F.3d 219 (4th

Cir. 1996). In *Lowery*, the Fourth Circuit established three necessary "elements that have to be met before courts will apply judicial estoppel." 92 F.2d at 224. None of these elements require that the prior statement be sworn. *See id*. ("First, the party … must be seeking to adopt a position that is inconsistent with a stance taken in prior litigation. … Second, the prior inconsistent position must have been accepted by the court. … Finally, the party … must have intentionally misled the court to gain unfair advantage."). In fact, quoting Moore's Federal Practice, this Court has recognized that a prior statement need not be sworn to have a preclusive effect on subsequent proceedings. *Duplan Corp. v. Deering Milliken, Inc.*, 397 F. Supp. 1146, 1178 (D.S.C. 1974) ("Both types of preclusion [*i.e.*, sworn and unsworn] seem to fall, generically, within a universal judicial reluctance to permit litigants to 'play fast and loose' with courts of justice according to the vicissitudes of self-interest." (*quoting* 1B Moore, Federal Practice, para. 0.405[8], at 765-768 (2d ed. 1971)). Plaintiff's attempt to inject the novel requirement of a sworn statement into the doctrine of judicial estoppel is, therefore, unavailing.[2]

Second, Plaintiff contends that his prior statement was not "accepted" by the district court in the Forfeiture Proceedings. Elaborating on the concept of acceptance in the context of judicial estoppel, the Supreme Court has focused on whether the inconsistent position in a later proceeding "would create 'the perception that either the first or the second court was misled.'" *New Hampshire v. Maine*, 532 U.S. 742, 750 (*citing Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 598 (6th Cir. 1982)). If allowed to proceed with his case, Plaintiff's contrary positions would plainly create a perception that either this Court or the Middle District of North Carolina

---

[2] Irrespective of whether Plaintiff's statement was "sworn," the Settlement Agreement, which was filed with the Middle District of North Carolina, was subject to the requirements of Rule 11 of the Federal Rules of Civil Procedure. In fact, Plaintiff's signature was witnessed by his legal counsel. *See* Settlement Agreement, Docket 79-1, pg. 8. Rule 11, like judicial estoppel, is "aimed at curbing abuses of the judicial system." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397 (1990).

was misled with respect to both his criminal conduct and his rightful ownership of the funds in the Vanguard account.

As noted by the *Lowery* court, "'Judicial acceptance means only that the first court has adopted the position urged by the party . . . as part of a final disposition.'" 92 F.2d at 224 (*quoting Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 599 n.5 (6th Cir. 1982)).[3] The district court for the Middle District of North Carolina entered no less than three decrees and judgments of forfeiture subsequent to the filing of the Settlement Agreement. Moreover, each of these decrees expressly referenced the Settlement Agreement in reaching its decision. Decree of Judgment and Forfeiture, Docket No. 79, 1:06CV01045 (M.D.N.C.), pg. 7; Decree of Judgment and Forfeiture, Docket No. 87, 1:07CV00081 (M.D.N.C.), pg. 9; Decree of Judgment and Forfeiture, Docket No. 33, 1:07CV00569 (M.D.N.C.), pg. 3, collected and attached to the Memorandum In Support of Defendant's Motion to Dismiss as <u>Exhibit E</u>. A necessary predicate of each of these decrees was the stipulation of Plaintiff's criminal acts. Indeed, absent a conclusion by the court that Plaintiff's activity was illegal, the IRS would have no right whatsoever to divest Plaintiff of his property. The court had to conclude that Plaintiff's activity was illegal before ordering the forfeiture of the funds in Plaintiff's account because no other basis for the forfeiture existed. Therefore, the court in the Forfeiture Proceedings necessarily adopted and relied on Plaintiff's representations that he engaged in certain criminal conduct in concluding that the funds in the Vanguard account were subject to forfeiture.

---

[3] "Although judicial estoppel does not apply to the settlement of an ordinary civil suit because 'there is no "judicial acceptance" of anyone's position,'" *Lowery*, 92 F.3d at 225, the Forfeiture Proceedings in no way resembled an "ordinary civil suit." Indeed, the Forfeiture Proceedings inquired into Plaintiff's criminal enterprise and activity and were the result of a lengthy criminal investigation. Moreover, settlements approved in other non-criminal contexts are sufficient to evidence the "acceptance" of the court. *See Reynolds v. Commissioner*, 861 F.2d 469, 474 (6th Cir. 1988) (*cited with approval by Lowery*, 92 F.3d at 225 n. 4) (approval of bankruptcy settlement was sufficient to support judicial estoppel).

Third and finally, Plaintiff states that he is not intentionally attempting to mislead the Court to gain an unfair advantage. (Response, pg. 11). The element of intentional deceit has been called "the 'determinative factor' in the application of judicial estoppel to a particular case. Thus, courts will not apply judicial estoppel 'when a party's prior position was based on inadvertence or mistake.'" *Lowery*, 92 F.2d at 224. (*quoting John S. Clark Co. v. Faggert & Frieden, P.C.*, 65 F.3d 26, 29 (4th Cir. 1995)). The brief record already established in this case compels the conclusion that Plaintiff's prior position was neither inadvertent nor mistaken. He "knowingly and voluntarily" relinquished to the United States government ownership of the funds. Settlement Agreement, ¶ 9. He unquestionably understood the nature of the conduct to which he was admitting guilt. Indeed, the Settlement Agreement is witnessed by Plaintiff's counsel in the Forfeiture Proceedings. Settlement Agreement, pg. 8. Incredibly, Plaintiff now claims an interest in these funds and, further, professes his innocence before this Court. The only explanation for taking these entirely inconsistent positions is an intent to mislead this Court and to gain an unfair advantage over Vanguard. Plaintiff plainly regards Vanguard as a more desirable adversary than the IRS and has chosen to sue Vanguard instead of fighting with the federal government. This blatant attempt to have his cake (avoid further scrutiny of his criminal activity by the federal government) and eat it too (recover from Vanguard the illegal, forfeited funds) must not be tolerated by this Court.

## **CONCLUSION**

In sum, if Plaintiff believed he had a legitimate interest in the funds at issue in the Forfeiture Proceedings, then he should have asserted that interest before the presiding court at the time. Instead, he is now seeking to recover from Vanguard that which he "knowingly and

voluntarily" conceded to the IRS. Settlement Agreement, ¶ 9. To accomplish this goal, Plaintiff is willing to play fast and loose with this Court. Such conduct should not be permitted.

Therefore, for the foregoing reasons and for the reasons stated in its Memorandum In Support of Defendant's Motion to Dismiss, Vanguard respectfully requests that this Court dismiss Harrison's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This 12th day of July, 2010.

/s/ David C. Kimball
Stephen M. Cox
Federal I.D. No. 6913
David C. Kimball
Federal I.D. No. 10475
Email:  dkimball@rbh.com

ROBINSON, BRADSHAW & HINSON, P.A.
140 East Main St. - Suite 420
P.O. Drawer 12070
Rock Hill, South Carolina  29731
(803) 325-2900

*Counsel for Defendant*