IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
CIVIL ACTION NO: 4:10-CV-01229-CWH

| | |
|---|---|
| **ROBERT C. HARRISON,**<br><br>     **Plaintiff,**<br><br>v.<br><br>**THE VANGUARD GROUP, INC.,**<br><br>     **Defendant.** | **ANSWER** |

Defendant, The Vanguard Group, Inc. ("Vanguard"), by and through its undersigned counsel, in response to the complaint (the "Complaint") filed by the plaintiff, Robert C. Harrison ("Plaintiff"), answers and responds as follows:

**FOR A FIRST DEFENSE**

Vanguard denies each and every allegation of the Complaint not specifically admitted herein.

1. Upon information and belief, Vanguard admits the allegations of Paragraph 1 of the Complaint.

2. Vanguard admits only so much of the allegations of Paragraph 2 as allege that it is a Pennsylvania corporation with its principal place of business in Pennsylvania. Except as expressly admitted herein, the allegations of Paragraph 2 are denied.

3. Admitted.

4. Admitted.

5. Admitted.

3030276v1 19125.00017

**FACTUAL ALLEGATIONS**

6.  Vanguard admits only so much of the allegations of Paragraph 6 as allege that a new Vanguard individual prime money market fund account (the "New Account") was opened in Plaintiff's name on or around May 14, 2007, and that Exhibit 1:1 to the Complaint is a copy of the "Account Registration Form" associated with the New Account. The Account Registration Form is a document which speaks for itself, and Vanguard denies the allegations of Paragraph 6 to the extent they are inconsistent therewith. Except as expressly admitted herein, Vanguard is without sufficient knowledge or information to admit the remaining allegations of Paragraph 6 and therefore denies the same.

7.  Vanguard admits only so much of the allegations of Paragraph 7 as allege that following the submission of the Account Registration Form to Vanguard, one or more Vanguard representatives spoke with Plaintiff via telephone. Except as expressly admitted herein, the allegations of Paragraph 7 are denied.

8.  Vanguard admits only so much of the allegations of Paragraph 8 as allege that Exhibit 1:2 to the Complaint is a copy of check number 1018 (the "Check") in the amount of $450,000 and that Vanguard received both the Check and the Account Registration Form. Except as expressly admitted herein, Vanguard is without sufficient knowledge or information to admit the remaining allegations of Paragraph 8 and therefore denies the same.

9.  Vanguard admits only so much of the allegations of Paragraph 9 as allege that it deposited the Check and that Exhibit 1:3 to the Complaint is a copy of the "Confirmation of New Account," except for what appears to be handwriting on the first page of the document. The Confirmation of New Account is a document which speaks for itself, and Vanguard denies the allegations of Paragraph 9 to the extent they are inconsistent therewith. Except as expressly

admitted herein, Vanguard is without sufficient knowledge or information to admit the remaining allegations of Paragraph 9 and therefore denies the same.

10. Vanguard admits only so much of the allegations of Paragraph 10 as allege that, in addition to the New Account, Plaintiff maintained Vanguard Mutual Funds Account No. 9924667326 (the "Old Account"). Except as expressly admitted herein, the allegations of Paragraph 10 are denied.

11. Vanguard admits only so much of the allegations of Paragraph 11 as allege that Vanguard applied $450,000 to the balance of the Old Account instead of the New Account following its receipt of the Check and that Vanguard informed Plaintiff of this transaction. Except as expressly admitted herein, the allegations of Paragraph 11 are denied.

12. Vanguard admits only so much of the allegations of Paragraph 12 as allege that on or around May 22, 2007, a Vanguard representative spoke with Plaintiff and informed Plaintiff of Vanguard's willingness to credit the $450,000 to the New Account instead of the Old Account. Except as expressly admitted herein, the allegations of Paragraph 12 are denied.

13. Vanguard admits only so much of the allegations of Paragraph 13 as allege that Exhibit 1:4 to the Complaint is a copy of the May 23, 2007 letter from Ms. Sciarretta to Plaintiff. This letter is a document which speaks for itself, and Vanguard denies the allegations of Paragraph 13 to the extent they are inconsistent therewith.

14. Vanguard admits only so much of the allegations of Paragraph 14 as allege that Exhibit 1:5 to the Complaint is a copy of the May 24, 2007 letter from Ms. Sciarretta to Plaintiff. This letter is a document which speaks for itself, and Vanguard denies the allegations of Paragraph 14 to the extent they are inconsistent therewith.

3030276v1 19125.00017

15. The allegations of Paragraph 15 are legal conclusions to which no response is required. To the extent the allegations are not legal conclusions, Vanguard denies the same.

16. Vanguard admits only so much of the allegations of Paragraph 16 as allege that Vanguard has not returned to Plaintiff the funds associated with the Check, in accordance with the Decree and Judgment of Forfeiture dated April 17, 2008 and entered in the Middle District of North Carolina, which Vanguard received on or around May 20, 2008. Except as expressly admitted herein, the allegations of Paragraph 16 are denied.

### FOR A FIRST CAUSE OF ACTION
(BREACH OF CONTRACT)

17. Vanguard responds to Paragraph 17 by incorporating the foregoing responses as if set forth verbatim herein.

18. Vanguard denies the allegations of Paragraph 18 to the extent they are inconsistent with any and all written agreements by and between the parties, including, without limitation, the Account Registration Form, each of which speaks for itself. Except as expressly admitted herein, the allegations of Paragraph 18 are denied.

19. Vanguard denies the allegations of Paragraph 19 to the extent they are inconsistent with any and all written agreements by and between the parties, including, without limitation, the Account Registration Form, each of which speaks for itself. Except as expressly admitted herein, the allegations of Paragraph 19 are denied.

20. The allegations of Paragraph 20 are legal conclusions to which no response is required. To the extent the allegations are not legal conclusions, Vanguard admits only so much of the allegations of Paragraph 20 as allege that it received the Check from Plaintiff. Except as expressly admitted herein, the allegations of Paragraph 20 are denied.

3030276v1 19125.00017

21. The allegations of Paragraph 21 are legal conclusions to which no response is required. To the extent the allegations are not legal conclusions, Vanguard denies the same.

22. The allegations of Paragraph 22 are legal conclusions to which no response is required. To the extent the allegations are not legal conclusions, Vanguard denies the same.

23. The allegations of Paragraph 23 are legal conclusions to which no response is required. To the extent the allegations are not legal conclusions, Vanguard denies the same.

24. The allegations of Paragraph 24 are legal conclusions to which no response is required. To the extent the allegations are not legal conclusions, Vanguard denies the same.

### FOR A SECOND CAUSE OF ACTION
### (BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

25. Vanguard responds to Paragraph 25 by incorporating the foregoing responses as if set forth verbatim herein.

26. The allegations of Paragraph 26 are legal conclusions to which no response is required. To the extent the allegations are not legal conclusions, Vanguard denies the same.

27. The allegations of Paragraph 27 are legal conclusions to which no response is required. To the extent the allegations are not legal conclusions, Vanguard denies the same.

### FOR A THIRD CAUSE OF ACTION
### (BREACH OF FIDUCIARY DUTY)

28. Vanguard responds to Paragraph 28 by incorporating the foregoing responses as if set forth verbatim herein.

29. The allegations of Paragraph 29 are legal conclusions to which no response is required.

30. The allegations of Paragraph 30 are legal conclusions to which no response is required. To the extent the allegations are not legal conclusions, Vanguard denies the same.

31. The allegations of Paragraph 31 are legal conclusions to which no response is required. To the extent the allegations are not legal conclusions, Vanguard admits only so much of the allegations of Paragraph 31 as allege that it received the Check, deposited the funds from the Check into the Old Account and provided to Plaintiff confirmation that it had established the New Account. Except as expressly admitted herein, the allegations of Paragraph 31 are denied.

32. The allegations of Paragraph 32, together with all of its subparts, are legal conclusions to which no response is required. To the extent the allegations are not legal conclusions, Vanguard denies the same.

33. Denied.

34. The allegations of Paragraph 34 are legal conclusions to which no response is required. To the extent the allegations are not legal conclusions, Vanguard denies the same.

**FOR A FOURTH CAUSE OF ACTION**
(NEGLIGENCE)

35. Vanguard responds to Paragraph 35 by incorporating the foregoing responses as if set forth verbatim herein.

36. The allegations of Paragraph 36 are legal conclusions to which no response is required. To the extent the allegations are not legal conclusions, Vanguard denies the same.

37. The allegations of Paragraph 37 are legal conclusions to which no response is required. To the extent the allegations are not legal conclusions, Vanguard admits only so much of the allegations of Paragraph 37 as allege that it received the Check from Plaintiff. Except as expressly admitted herein, the allegations of Paragraph 37 are denied.

38. The allegations of Paragraph 38 are legal conclusions to which no response is required. To the extent the allegations are not legal conclusions, Vanguard admits only so much

of the allegations of Paragraph 38 as allege that it received the Check from Plaintiff. Except as expressly admitted herein, the allegations of Paragraph 38 are denied.

39. Denied.

40. Denied.

41. The allegations of Paragraph 41 are legal conclusions to which no response is required. To the extent the allegations are not legal conclusions, Vanguard denies the same.

42. The allegations of Paragraph 42 are legal conclusions to which no response is required. To the extent the allegations are not legal conclusions, Vanguard denies the same.

## FOR A SECOND DEFENSE
*Failure to Mitigate*

Plaintiff failed and/or refused to mitigate the damages that he has alleged were caused by Vanguard, all of which could have been avoided, upon information and belief, by the exercise of due care and reasonable efforts by Plaintiff. Specifically, Plaintiff failed and/or refused to contest the forfeiture of the funds he is now seeking to recover from Vanguard and which he now claims were the proceeds of lawful conduct, instead electing to relinquish any claim of ownership to these funds. If these funds were in fact the proceeds of lawful conduct, as Plaintiff now contends, Plaintiff failed to prevent their forfeiture and his accompanying loss by failing to assert his right to the funds in certain forfeiture proceedings instituted by the United States in the Middle District of North Carolina. Because the forfeiture of these funds forms the basis for Plaintiff's alleged claims against Vanguard, Plaintiff's failure to contest the forfeiture of these funds amounts to a complete failure to mitigate his alleged damages. Thus, Plaintiff cannot recover these alleged damages from Vanguard.

3030276v1 19125.00017

## FOR A THIRD DEFENSE
*In Pari Delicto / Unclean Hands / Illegality*

Plaintiff has admitted in a signed settlement agreement on file with the Middle District of North Carolina that the funds he is now seeking to recover from Vanguard are related to Plaintiff's illegal gambling enterprise. Specifically, in certain forfeiture proceedings instituted by the United States in the Middle District of North Carolina, Plaintiff admitted that the funds in the Old Account – including the $450,000 that Plaintiff now seeks as damages – were "subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A), 98l(a)(1)(C), and/or 1955(d) . . . ." Accordingly, Plaintiff is barred from recovering these alleged damages from Vanguard by the equitable doctrines of *in pari delicto* and unclean hands and because Plaintiff cannot use the enforcement mechanisms of the Court to gain the benefit of his illegal conduct.

## FOR A FOURTH DEFENSE
*Judicial Estoppel*

Because Plaintiff already admitted before the Middle District of North Carolina that the funds he now seeks to recover from Vanguard were subject to forfeiture as the instrumentalities of illegal activity, Plaintiff is judicially estopped from taking a contrary position in the instant proceeding. Specifically, Plaintiff cannot now contend that he had a lawful right to the funds. Therefore, Plaintiff is estopped from recovering the funds as damages in this proceeding.

## FOR A FIFTH DEFENSE
*Waiver / Laches*

Plaintiff had every opportunity to contest the forfeiture of the funds he now seeks to recover against Vanguard, but he failed to do so. Specifically, instead of asserting in the forfeiture proceedings in the Middle District of North Carolina that the funds were erroneously deposited into the Old Account, Plaintiff willfully "consent[ed] to forfeiture of the defendant properties [including the Old Account] and withdr[ew] any and all claims, answers, and petitions

8

for remission or mitigation relating to the defendant properties…." Plaintiff thus waived any right to recover the funds in the Old Account and, by his own conduct, caused the funds to be turned over the United States government. Because Plaintiff failed and refused to assert his right to the funds when provided the final opportunity to do so, the doctrines of waiver and laches prevent Plaintiff's recovery of the funds from Vanguard.

## FOR A SIXTH DEFENSE
*No Damages*

Plaintiff claims that he was injured by a loss of funds which he willingly turned over to the United States government and to which he had no lawful claim of ownership. The forfeiture and relinquishment of funds that Plaintiff did not lawfully own cannot form the basis of a claim for damages against Vanguard.

## FOR A SEVENTH DEFENSE
*Intervening Willful or Negligent Acts*

To the extent Plaintiff has suffered any injury, which is expressly denied, any such injury is a direct and proximate result of Plaintiff's own fraudulent, illegal or negligent conduct. Specifically, the funds in the Old Account were, upon information and belief, the proceeds of illegal conduct and were therefore subject to forfeiture regardless of Vanguard's alleged actions. Alternatively, if the funds in the Old Account were not the proceeds of illegal conduct, Plaintiff's willful or negligent failure to contest their forfeiture proximately caused the damages of which Plaintiff now complains. Thus, Plaintiff – not Vanguard – is solely responsible for any damages he allegedly sustained.

## FOR AN EIGHTH DEFENSE
*Economic Loss Doctrine*

Plaintiff's Complaint alleges causes of action for both breach of contract and negligence. To the extent Plaintiff is entitled to recover any damages from Vanguard, which is expressly

denied, his damages are purely economic in nature, and thus, the parties' respective rights and obligations are defined solely by the contract by and between them. Accordingly, Plaintiff's causes of action against Vanguard that sound in tort must fail.

**WHEREFORE**, Defendant, having answered the Complaint of Plaintiff, respectfully prays:

1. That Plaintiff have and recover nothing on its Complaint;

2. That all costs of this action be taxed to Plaintiff; and

3. For such other and further relief as this Court deems just and proper.

Dated: December 7th, 2010

Respectfully Submitted,

/s/ Benjamin A. Johnson
Benjamin A. Johnson
Fed. ID No.: 2186
E-Mail: bjohnson@rbh.com

/s/ David C. Kimball
David C. Kimball
Fed. ID No.: 10475
E-Mail: dkimball@rbh.com

**ROBINSON, BRADSHAW & HINSON**
140 East Main Street, Suite 420
Rock Hill, South Carolina 29730
Telephone: 803-325-2910
Facsimile: 803-325-2929

*Attorneys for Defendant*

3030276v1 19125.00017